GEORGE E. BOGGS v. STATE OF NEBRASKA.

FILED FEBRUARY 21, 1935. No. 29157.

*Charles E. Bruckman,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

YEAGER, District Judge.

This is a criminal action wherein, in the district court for Adams county, Nebraska, the plaintiff in error, who will be hereinafter called the defendant, was tried on an information charging that he had embezzled 855 shares of Corporate Trust, Accumulative Series stock, of the value of $2,308.50, the property of James V. Beghtol. He was convicted on this charge and sentenced to serve a term of 22 months in the state penitentiary.

The defendant assigned many errors on the part of the prosecution which require no discussion in this opinion. The only one which requires consideration here is predicated on the proposition that the evidence adduced does not support the charge in the information.

The state contends and the defendant admits that, on or about the 6th day of October, 1932, Beghtol delivered over to the defendant the shares hereinbefore described. The state further contends that at that time the defendant unlawfully and feloniously converted the said shares to his own use. The testimony of the state shows that Beghtol delivered the shares to the defendant for the purpose of having the defendant surrender them in return for other shares which were to be delivered to Beghtol. In his brief the defendant agrees with the position and theory of the state. He argues that with this agreement in mind he in good faith received the shares, made the contemplated transfer, and thereafter, being in straitened circumstances, converted the new shares or the proceeds thereof which he had received, and that by reason of the conversion of the new shares or their proceeds he was improperly convicted, since he was convicted of embezzlement of the old shares. The contention, tainted as it is with admitted fraud, is not appealing. However, from an examination of the bill of exceptions, it does not become necessary to pass upon this question.

This argument of defendant is not supported by the evidence of the defendant at all. The defendant tried this case on the theory, and he testified without equivocation,

that when he received the original shares from Beghtol he received them as his own, and with the intention that they should and did become his property. Intent is an essential element of the crime of embezzlement, and where the verdict of the jury responds to the intent expressed by the defendant in his evidence, the defendant cannot be heard to complain.

It was the intent of the defendant to convert the shares delivered to him, as is shown by the evidence. Then, did the evidence justify the jury in finding that the conversion was without the assent of Beghtol and hence unlawful and felonious? We think this question must be answered in the affirmative. The evidence of the state conclusively shows that Beghtol never at any time intended to pass title to the shares in question to the defendant, and, moreover, the defendant himself testified that Beghtol turned over to him the old shares for the purpose of having them exchanged for new ones. Nowhere has he stated that he told or informed Beghtol that he, the defendant, expected to or was taking title to the shares.

The evidence was clearly sufficient to convince the jury beyond a reasonable doubt that the defendant was guilty of the crime charged in the information.

An examination of the instructions given indicates that the jury were fully and fairly instructed on all issues presented on the trial.

It therefore follows that the conviction of the defendant should be sustained and the action of the district court affirmed in all particulars.

AFFIRMED.